**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOSEPH SHINE-JOHNSON,**

    **Plaintiff,**

  v.                                        **Civil Action 2:19-5395
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

**DAVID GRAY, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 7) and Plaintiff's Motion for Judicial Notice and Request (Doc. 9). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 7) be **GRANTED** and Plaintiff's Motion for Judicial Notice and Request (Doc. 9) be **DENIED as moot**.

### I. INTRODUCTION

Plaintiff Joseph Shine-Johnson is a *pro se* prisoner incarcerated at Belmont Correctional Institute ("BCI"). Defendants are Annette Chambers-Smith, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Eugene R. Hunyadi, ODRC's Chief Inspector; David Gray, BCI's Warden; and Patrick Haley, John Callarik, and David Winland, Correctional Officers at ODRC.

In February 2017, Plaintiff was convicted of murder and tampering with evidence in the Franklin County, Ohio Court of Common Pleas. *See State of Ohio v. Joseph Shine-Johnson*, Case

No. 15-CR-4956 (Ohio Com. Pl. Feb. 24, 2017) (hereinafter, "*State Trial Court Action*").[1] He was subsequently sentenced to a lengthy term of imprisonment. *See id.*, Sentencing Entry (Ohio Com. Pl. April 11, 2017).

With the assistance of appointed counsel, Plaintiff appealed, and the Ohio Tenth District Court of Appeals affirmed his conviction. *See State of Ohio v. Joseph Shine-Johnson*, Case No. 17-AP-194, Decision (Ohio Ct. App. Aug. 21, 2018) (hereinafter, "*State Appellate Court Action*"). Plaintiff's counsel filed an Application for Reconsideration shortly thereafter. *See id.*, Application for Reconsideration (Ohio Ct. App. Sept. 6, 2018).

More than two months later, while still incarcerated at BCI, Plaintiff attempted to file a *pro se* Application to Reopen based on appellate counsel's alleged ineffective assistance. *See id.*, Application to Reopen Pursuant to Appellate Rule 26(B) (Ohio Ct. App. Nov. 27, 2018). Plaintiff alleges that he gave his Application to Defendant Winland on November 15, 2018, eleven days before it was due. (Doc. 3, ¶ 11). But, says Plaintiff, Defendant Winland delayed taking the Application to the mail room, resulting in it being filed with the state appellate court on November 27, 2018, one day after the deadline. (*Id.*, ¶¶ 13–20).

The Tenth District Court of Appeals denied the Application for Reconsideration on its merits and denied the purported *pro se* Application to Reopen as untimely. *See State Appellate Court Action*, Mem. Decision (Ohio Ct. App. Dec. 20, 2018); *id.*, Mem. Decision (Ohio Ct. App. Jan. 31, 2019).

---

[1] The Undersigned takes judicial notice of the state trial court and state appellate court proceedings and dockets. *See* Fed. R. Evid. 201; *Slusher v. Reader*, No. 2:18-CV-570, 2019 WL 1384423, at *4 (S.D. Ohio Mar. 27, 2019) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)) ("[T]he Court concludes that it can take judicial notice of the state court proceedings and docket without converting Defendants' Motion to Dismiss into a motion for summary judgment.").

Plaintiff subsequently filed this action, alleging that Defendants' actions caused his purported *pro se* Application to Reopen to be denied as untimely:

> The purposeful delay, with deliberate and callous indifference in processing of the plaintiff's time sensitive outgoing legal mail containing his Application to re-open his direct appeal causing the mailed [sic] to be filed late and denied as being untimely, denying him access to the courts which violated the plaintiff Joseph Shine-Johnson's right to access the courts, and his First, Fifth, and Fourteenth amendment of the United States Constitution. The plaintiff will be prevented from ever having his constitutional claims heard and adjudicated by the appeals court or any higher federal court because of this violation.

(Doc. 3, ¶ 67; *see also id.*, ¶¶ 62–64 (alleging denial of access to courts)). Liberally construing his Complaint, Plaintiff brings claims that Defendants (1) denied him access to the courts in violation of the First, Fifth, and Fourteenth Amendments and (2) violated his due process rights based on their handling of his grievances in violation of the Fifth and Fourteenth Amendments. Plaintiff requests that the Court grant him declaratory and injunctive relief and monetary damages. (*Id.*, ¶¶ 69–77).

Defendants filed a Motion to Dismiss (Doc. 7), and Plaintiff filed a Motion for Judicial Notice and Request (Doc. 9). After reviewing the parties' briefing, the Court requested that the parties submit supplemental memoranda addressing whether Plaintiff's access-to-the-courts claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 15). The parties submitted their supplemental memoranda, and the Motions are fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Twombly*, 550 U.S. at 556–57. "A claim has facial plausibility when the

plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on a number of grounds, arguing that: (1) Plaintiff failed to exhaust his administrative remedies, (Doc. 7 at 13–15); (2) Plaintiff's official capacity claims are barred by the Eleventh Amendment, (*Id.* at 7–8); and (3) Plaintiff fails to state claims upon which relief may be granted, (*id.* at 8–13, 15–18). The Undersigned considers each of these arguments in turn.

#### A. Exhaustion of Administrative Remedies

As a threshold matter, Defendants argue that Plaintiff failed to exhaust his administrative remedies because he failed to comply with critical procedures, specifically, the requirement that he name the individuals responsible for the conduct underlying his grievance. (*Id.* at 14).

The Prison Litigation Reform Act, which applies to this case, provides that an inmate may not bring an action related to prison conditions under federal law "until such administrative

4

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner's failure to name all of the individuals involved in the issue being grieved is grounds for dismissing claims for failure to exhaust. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010). But "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id.* at 325 (citing *Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 891 (6th Cir. 2009)).

Here, prison officials considered Plaintiff's grievance on the merits and denied it. (*See* Doc. 3 at 26–27). Because prison officials declined to enforce their own procedural requirements, the Undersigned considers Plaintiff's claims on the merits. *See Reed-Bey*, 603 F.3d at 326 ("We see no benefit to enforcing a procedural bar that the Department of Corrections did not. We instead conclude that Reed–Bey properly exhausted his claim because he invoked one complete round of the Department's grievance procedures and received merits-based responses at each step.").

**B. Sovereign Immunity**

Defendants next assert that Plaintiff's official capacity claims should be dismissed because they are entitled to Eleventh Amendment immunity. (Doc. 7 at 7–8).

"State sovereign immunity generally bars damages actions against states from proceeding in federal court. This immunity also generally applies to state agents and instrumentalities, including state officials sued in their official capacities." *Kanuszewski v. Michigan Dep't of Health & Human Servs.*, 927 F.3d 396, 413 (6th Cir. 2019) (internal citations and quotations omitted). To the extent Plaintiff sues Defendants in their official capacities for monetary damages, state sovereign immunity bars those claims. But "[t]he Supreme Court recognizes an exception to [the state sovereign immunity] rule if an official-capacity suit seeks only prospective injunctive or declaratory relief." *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009) (citing *Papasan v.*

*Allain*, 478 U.S. 265, 276 (1986)).  Plaintiff appears to seek prospective injunctive relief here, (*see* Doc. 3, ¶ 71), and those official capacity claims are not barred as a result.

### C. Failure to State a Claim

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted.

#### 1. *Denial of Access to Courts*

Plaintiff alleges that Defendants denied him access to the courts in violation of the First, Fifth, and Fourteenth Amendments.[2]  (*See* Doc. 3, ¶ 67).  Specifically, Plaintiff alleges that Defendants delayed sending his legal mail, resulting in his application to reopen the State Appellate Court Action being denied as untimely.  (*See id.*).

Prisoners have a fundamental right to access the courts.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  So, as a result, "[p]rison officials may not erect any barriers that impede an inmate's access to the courts." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  "In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury." *Harbin-Bey*, 420 F.3d at 578 (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).  In other words, Plaintiff must plead that Defendants' actions impeded his ability to bring a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996).

---

[2] Although Plaintiff relies, in part, on the Fifth Amendment as the basis for his claims, it does not apply here where Defendants are all state officials. *See Palmer v. Schuette*, 768 F. App'x 422, 426–27 (6th Cir. 2019) (citing *Scott v. Clay Cty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000)) ("While the Fifth Amendment undeniably contains a due process guarantee, it applies to federal, not state, officials and thus the district court limited its analysis to plaintiff's claim to the due process protections of the Fourteenth Amendment.").

Like all § 1983 claims, an access-to-the-courts claim is limited by *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'" *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir.), *cert. denied*, 140 S. Ct. 528, 205 L. Ed. 2d 340 (2019) (quoting *Heck*, 512 U.S. at 487). "The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson*, 917 F.3d at 881 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

*Sampson* illustrates the application of these principles to an access-to-the-courts claims. There, a state prisoner alleged he was denied access to the courts because certain government officials and private attorneys "conspired to deprive him of trial transcripts, exhibits, and other records," interfering with his direct criminal appeal. *Sampson*, 917 F.3d at 881.

The Sixth Circuit applied *Heck* and barred the claim. "Because the right of access is ancillary to a lost underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court, a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a nonfrivolous, arguable claim." *Id.* The plaintiff alleged that "the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal." *Id.* at 882. So "[h]e could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions. He could win in other words *only* if he implied the invalidity of his underlying judgment. *Heck* bars this kind of claim." *Id.*

So too here. Plaintiff alleges that Defendants prevented him from timely submitting his Application to Reopen his direct criminal appeal, denying him access to the courts. (Doc. 3, ¶ 67; *see also id.*, ¶¶ 62–64 (alleging denial of access to courts)). There, he sought to reopen his direct appeal based on his appellate counsel's alleged ineffective assistance for failing to challenge his

7

conviction based on the State's alleged alteration of exculpatory evidence. *See generally State Appellate Court Action*, Application to Reopen Pursuant to Appellate Rule 26(B) (Ohio Ct. App. Nov. 27, 2018); (*see also* Doc. 3, ¶ 53). Plaintiff, as a result, could prevail only if the Court concluded that he had a nonfrivolous ineffective assistance of appellate counsel claim, which would necessarily require the Court to find that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Such a finding, of course, would imply the invalidity of Plaintiff's criminal conviction. And *Heck* tells us that Plaintiff cannot bring this type of claim under § 1983. *See Sampson*, 917 F.3d at 882; *Harris v. Sowers*, No. 2:16-CV-888, 2020 WL 635653, at *10 (S.D. Ohio Feb. 11, 2020), *report and recommendation adopted*, No. 2:16-CV-888, 2020 WL 1042381 (S.D. Ohio Mar. 4, 2020) (citing *Sampson*, 917 F.3d at 881–82) ("To prevail on his access to the courts claims, Plaintiff must show that Defendants Lovette and Ricker thwarted his nonfrivolous legal claim, *i.e.*, a successful appeal challenging his underlying conviction in state court. However, as explained by *Sampson*, *Heck* bars this kind of access to the courts claim."). Plaintiff's claim fails as a result.

### 2. *Due Process – Denial of Grievances*

Plaintiff also appears to claim that certain Defendants violated his due process rights in their handling and denial of his grievances related to the legal mail system at BCI. (*See* Doc. 3, ¶¶ 24, 28–30, 33, 36–38 (alleging misconduct by Defendants in denying his complaints and grievances)).

But "[t]he Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure." *Archibald v. Warren Cty. Reg'l Jail*, No. 1:18-CV-P63-GNS, 2018 WL 5270337, at *5 (W.D. Ky. Oct. 23, 2018) (collecting cases). So

8

Defendants' alleged "failure to respond, or other deficiencies in the grievance process, … do not give rise to a plausible claim of federal constitutional dimension because [Plaintiff] has no right under the Constitution to an effective prison grievance procedure." *Haywood v. Gifford*, No. 1:17-CV-398, 2017 WL 5633316, at *3 (S.D. Ohio Oct. 4, 2017), *report and recommendation adopted*, No. 1:17-CV-398, 2017 WL 5598167 (S.D. Ohio Nov. 21, 2017) (collecting cases); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases) ("Argue's allegations do not state a claim because there is no inherent constitutional right to an effective prison grievance procedure."). The Undersigned recommends that this claim be dismissed accordingly.

### IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Defendants' Motion to Dismiss (Doc.7) be **GRANTED** and Plaintiff's Motion for Judicial Notice and Request (Doc. 9) be **DENIED as moot**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review

the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:  June 5, 2020                                                  s/Kimberly A. Jolson  
                                                                             KIMBERLY A. JOLSON  
                                                                             UNITED STATES MAGISTRATE JUDGE