UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph Shine-Johnson,

    Plaintiff,

    v.

David Gray, *et al.*,

    Defendants.

Case No. 2:19-cv-5395

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Joseph Shine-Johnson ("Plaintiff") is an inmate at the Belmont Correctional Institution ("BCI"). He sues Director of the Ohio Department of Rehabilitation and Correction ("ODRC") Annette Chambers-Smith ("Director Chambers-Smith"), Chief Inspector of ODRC Eugene Hunyadi ("Chief Inspector Hunyadi"), BCI Warden David Gray ("Warden Gray"), Institutional Inspector at BCI Patrick Haley ("Inspector Haley"), and two correctional officers at BCI, Lieutenant John Callarick ("Lieutenant Callarick") and D. Winland ("Officer Winland") under 42 U.S.C. § 1983. Plaintiff sues each Defendant in his or her official and individual capacities, alleging that they denied Plaintiff his right to access the courts under the First, Fifth, and Fourteenth Amendments and denied him due process under the Fifth and Fourteenth Amendments.

The Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint, and Plaintiff objected. The Court previously adopted all aspects of the Report and Recommendation ("R&R") save its recommendation to dismiss

Plaintiff's access-to-the-courts claim. *See* Op. and Order, ECF No. 23. The Court stayed resolution of Plaintiff's objection to the R&R's recommendation concerning Plaintiff's access-to-the-courts claim and granted Plaintiff additional time to supplement his objection. *Id.*; *see also* Order, ECF No. 25. Plaintiff has filed his supplement. Supplemental Obj., ECF No. 26.

Upon *de novo* review, the Court agrees with the Magistrate Judge's recommendation that the access-to-the-courts claim in this case is governed by the Sixth Circuit's recent decision in *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 528, 205 L. Ed. 2d 340 (2019).

The district court construed the litigant's access-to-the-courts claim in *Sampson* as follows, "[h]e asserts that he had valid claims to raise in his state court appeal, but he was unable to fully and fairly raise them because the defendants did not provide him with a complete and accurate record." *Sampson v. Garrett*, No. 2:18-CV-12106, 2018 WL 3474633, at *2 (E.D. Mich. July 19, 2018), *aff'd as modified*, 917 F.3d 880 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 528, 205 L. Ed. 2d 340 (2019). The court found that such a claim was barred by *Heck* as it would imply the invalidity of the plaintiff's conviction. *Id.*

The Sixth Circuit agreed. *Sampson*, 917 F.3d at 882. The Sixth Circuit noted that this was the first instance in which it considered whether *Heck* barred an "access-to-the-courts claim alleging state interference with a direct criminal appeal." *Id.* at 881. The Circuit explained that, to prevail on an access-to-the-courts claim, a plaintiff must show that he was injured by being shut out of court.

*Id.* In other words, the access-to-the-courts claim is merely "ancillary to [a lost] underlying claim" and requires demonstrating that a defendant "scuttled [the plaintiff's] pursuit of" that lost, underlying claim, which must be both "nonfrivolous" and "arguable" in order to show that denial of access to pursue that claim resulted in injury. *Id.* (internal quotation marks and citation omitted).

By arguing that he was denied access to the court during his direct appeal, the plaintiff in *Sampson* had to show that "the information [he sought to use in the appeal but was prevented from using] could make a difference in a nonfrivolous challenge to his convictions," meaning he could win on his access-to-the-courts claim only if he implied the invalidity of his conviction. *Id.* at 882. Thus, his access-to-the-courts claim was barred by *Heck*.

Plaintiff in this case attempted to distinguish *Sampson* by arguing that the denial of access-to-the-courts in *Sampson* occurred during the direct appeal whereas the denial here occurred in a post-appeal attempt to reopen the direct appeal. Plaintiff contended that if he succeeded on the "lost, underlying claim" here—the Rule 26(B) Application—he would gain *only* the reopening of his direct appeal, not success and release from incarceration. *See generally*, Obj., ECF No. 16. Thus, because remedy for the underlying claim would be merely a reopening of the appeal and not release from incarceration, he contended that *Heck* does not bar his claim. *Id.* at 2. Plaintiff reiterated that he seeks in this § 1983 action damages only for the unlawful denial of access to the courts; he

does not ask for his conviction to be overturned or seek damages in connection with an unconstitutional conviction. *E.g.*, ECF No. 17.

The Sixth Circuit rejected the idea that *Heck* applies only where the remedy for the deprivation of access to the courts would be immediate release, saying such an application would be "a crabbed reading of *Heck* as well as *Wilkinson* [*v. Dotson*, 544 U.S. 74 (2005)]." *Sampson*, 917 F.3d at 882. And although this case does not involve the exact same facts as *Sampson*, it is governed by the principle in that case. As in *Sampson*, Plaintiff here argues that the Defendants prevented him from reopening his direct appeal in order to assert and litigate a claim that could have changed the outcome of that direct appeal. As such, a favorable judgment on his access-to-the-courts claim would bear on the validity of Plaintiff's conviction just as it did in *Sampson* because the underlying claim, the Rule 26(B) Application, is nonfrivolous and arguable only if it could have changed the outcome of his direct appeal.

In other words, the extra layer of the denial occurring in connection with the filing of the Rule 26(B) Application rather than in connection with a filing during the direct appeal does not change the *Heck* analysis. *Cf. Cooper v. Wamsley*, No. 19-3809, 2020 WL 5000066, at *2 (6th Cir. Apr. 22, 2020) (finding *Heck* barred access-to-the-courts claim, which alleged that the plaintiff was denied access to the courts while appealing the denial of his Rule 26(B) application); *Harris v. Sowers*, No. 2:16-cv-888, 2020 WL 635653, at *10 (S.D. Ohio Feb. 11, 2020) (inmate's claim that mail room officials delayed the merits

brief for his habeas corpus case, which resulted in the brief being rejected as untimely, was barred by *Heck*), *R&R adopted at* 2020 WL 1042381.

Accordingly, under the law of the Sixth Circuit, Plaintiff's access-to-the-courts claim in this § 1983 case is barred by *Heck*.[1]

In his supplemental objection, Plaintiff appears to vacillate between arguing consistently with the above and inconsistently conceding that any request to reopen his direct appeal is barred by *Heck*. *Compare* Supp. Obj. 6, ECF No. 26 ("To prove Shine-Johnson's claim was not frivolous he would not have to prove the invalidity of his claim."), *with id.* at 10 ("The plaintiff concedes §1983 is not proper to have his proceeding reopened but is proper for injunctive relief he is seeking to prevent the impediment of his filings."). Ultimately, Plaintiff argues that less than his entire access-to-the-courts claim is barred by *Heck* because part of the relief he requests is a forward-looking injunction that prohibits Defendants from preventing Plaintiff from accessing the courts in the future. *Id.*

---

[1] The Court understands why Plaintiff feels that this rule places him in a "Catch 22." ECF No. 19. *Heck* bars him from raising his access-to-the-courts claim in a § 1983 action, and he believes (probably correctly) that he would typically be prevented from raising his underlying constitutional issue in a habeas petition because it was procedurally defaulted in state court—due, according to Plaintiff, to Defendants denying him access to the courts, which denial cannot be remedied in this § 1983 action because it is barred by *Heck*. The answer seems to be that the proper course is for Plaintiff to raise his constitutional issue in a habeas petition and assert the denial of access to the courts as cause and prejudice to overcome any procedural default. The Court offers no opinion on whether such an argument would ultimately be meritorious, as that is for the habeas court to decide. The Court merely shows Plaintiff that the law regarding *Heck* does not result in the Catch 22 scenario he decries. Rather, it serves its purpose by relegating claims bearing on the validity of an underlying conviction to their proper sphere, which is habeas.

at 12. He seems to argue that the part of his claim requesting such relief is not barred by *Heck*. *See id.* at 9–10.

But to use the lingo in *Christopher v. Harbury*, 536 U.S. 403 (2002), from which Plaintiff quotes, Plaintiff's access-to-the-courts claim involved "an opportunity already lost"—the reopening of his direct appeal—and a forward-looking injunction cannot remedy that injury. *See id.* at 413–15. "[W]hen the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415. Although Plaintiff argues that standard is met here because he seeks a forward-looking injunction and not solely an injunction requiring the reopening of his direct appeal, the Court disagrees. The relief afforded by a forward-looking injunction would not recompense the prior alleged denial of access to the courts, and an injunction relating to future attempts to access the courts in connection with underlying claims *other than* his application to reopen his direct appeal is not otherwise unavailable in a different proceeding.

In sum, regardless of the relief Plaintiff seeks for the past alleged violation (damages or injunction), a favorable ruling on his access-to-the-courts claim implicates his criminal conviction and is barred by *Heck*.

The R&R is **ADOPTED**. Plaintiff's sole remaining claim—his access-to-the-courts claim—is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall enter judgment for Defendants on Plaintiff's Fifth and Fourteenth Amendment due process claims and terminate this case.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**